IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JI CI CHOU, TIM CHOU, AND
FLORIDA GRINDING GROUP, INC.,

      Appellants,

 v.

Case Nos.  5D22-803
               5D22-2446
LT Case No. 2017-DR-000421

YUEING SHI, YAYUN "KATE"
CHOU, INDIVIDUALLY AND
DERIVATIVELY AS A
SHAREHOLDER OF  BORG
INCORPORATED GROUP, AN
INACTIVE FLORIDA CORPORATION,

      Appellees.
_____/
Opinion filed June 9, 2023

Appeal from the Circuit Court
for Flagler County,
Christopher A. France, Judge.

Shannon McLin, William D. Palmer
and Erin Pogue Newell, of Florida
Appeals, Orlando, for Appellants.

John N. Bogdanoff and Christopher
V. Caryle, of The Carlyle Appellate
Law Firm, Orlando, for Appellees.

Wallis, J.

This consolidated appeal involves disputes about a family business and a dissolution of marriage. Appellant, Ji Ci Chou ("Father"), and Appellee, Yueing Shi ("Mother"), were married in 1974 and together they have two adult children, Yayun "Kate" Chou ("Kate") and Tim Chou ("Tim"). In 2008, Father and Kate formed Borg Incorporated Group ("Borg") in California and, several years later, Borg was domesticated in Florida. In early 2017, Father filed a petition for dissolution of his marriage to Mother. Around the same time, Father and Kate decided to dissolve Borg. Soon after that decision was made, Tim filed Articles of Incorporation with Florida's Division of Corporations for a new company, which was later converted to Florida Grinding Group, Inc.

In 2019, while her parents' dissolution case was pending, Kate brought a shareholder derivative action on behalf of Borg and against Father, Tim, and Florida Grinding Group (collectively "Appellants"), alleging counts for conversion, violation of the Florida Uniform Trade Secrets Act, and civil conspiracy. She also alleged counts against Father, individually, for breach of oral contract and breach of fiduciary duty. Kate's derivative suit was based on allegations that Father stole money from Borg's bank accounts and gave

Borg's property to Tim to use at Florida Grinding instead of selling that property to benefit Borg.

The two cases were consolidated for trial. Ultimately, the trial court entered an Amended Final Judgment in Kate's favor in the derivative suit based on its finding that she was a 50% shareholder of Borg. The judgment against Father was for $2,272,677, and the judgments against Tim and Florida Grinding were for $1,222,302. The judgments entered against Appellants were joint and several up to $1,222,302.

The Amended Final Judgment also dissolved Mother's and Father's marriage and distributed their marital assets and liabilities, as set forth in an attached Equitable Distribution Worksheet. Of relevance here, the trial court found that the marital value of Borg's assets was $701,156 and distributed that amount to Father. It further stated, "Any liabilities associated with the marital business, shall be equally borne by the parties, just as all assets accumulated from the business have been split equally." Although the portion of the Equitable Distribution Worksheet related to Borg included a column for "Shareholder Derivative Damages," no monetary amount was listed in that column; instead, "TBD" was included.

After the Amended Final Judgment was issued, Father requested that the judgment be amended to include the shareholder derivative damages of

$2,272,677 as a marital liability on the Equitable Distribution Worksheet to be split equally between Mother and him. The trial court denied this request, which resulted in the "TBD" determination remaining on the Equitable Distribution Worksheet.

In addition, Kate moved for entry of a judgment setting prejudgment interest in the derivative suit. The trial court entered an Amended Final Judgment awarding Kate prejudgment interest.

On appeal, Appellants argue that the trial court erred in three respects. First, Father alleges that the Amended Final Judgment was incomplete and contained inconsistencies because it failed to distribute the liability associated with the derivative suit on the Equitable Distribution Worksheet and, instead, left "TBD" where an amount should have been listed. Second, Appellants allege that the trial court erred by denying their Motion to Dismiss the derivative action and in entering judgment on the derivative claims. Third, Appellants allege that the trial court's liability determinations and damage awards were clearly erroneous and must be reversed.

We affirm without discussion the trial court's denial of the Motion to Dismiss the derivative action and the trial court's liability determinations and

damages awards.[1]  We write, however, to address Appellants' first argument, namely that the trial court erred when it failed to include a specific monetary amount on the portion of the Equitable Distribution Worksheet that was for "Shareholder Derivative Damages" and left "TBD" in that space.[2]

The Amended Final Judgment does not make an express finding that the derivative suit damages were a marital liability. And, based on the facts before us, it does not appear that Borg, which was a plaintiff below, has any liability as a result of the derivative judgment.  Presumably, the trial court agreed that Borg was not liable for the derivative damages because it denied Father's post-judgment motion requesting that it split the damages from the derivative suit evenly between Mother and Father.  Nonetheless, the Equitable Distribution Worksheet is inconsistent with the Amended Final Judgment in that the Amended Final Judgment is intended to distribute all assets and liabilities, but the Equitable Distribution Worksheet does not identify the amount of the liability associated with the "Shareholder Derivative

---

[1] We note that the trial court's factual findings are supported by competent, substantial evidence.  Specifically, the record in this case clearly established that Father stole from Borg and its shareholders when he took Borg's money for his personal use and gave Borg's property to Tim to use for the creation of another, nearly identical business.

[2] We reject Mother's argument that Father stipulated to the use of "TBD" on the Equitable Distribution Worksheet.

Damages." Therefore, we reverse and remand the portion of the Amended Final Judgment dissolving Mother's and Father's marriage for the trial court to include a precise value on the Equitable Distribution Worksheet that is associated with the shareholder derivative damages.[3] See Weymouth v. Weymouth, 87 So. 3d 30, 36 (Fla. 4th DCA 2012). We note that part of the trial court's work on remand should include considering whether any portion of the derivative suit damages should be a marital liability. This consideration is extremely important given the absence of evidence implicating Mother in the tortious conduct that harmed the family business. In all other respects, we affirm the Amended Final Judgment. We likewise affirm the Amended Final Judgment awarding prejudgment interest.

AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.

JAY and HARRIS, JJ., concur.

---

[3] It is worth noting that including the damages from the derivative judgment as a marital liability in the dissolution case would be highly inequitable based on the facts of this case. There is no evidence that Mother was aware of Father's tortious conduct against the business. To hold the Mother 50% liable for Father's conduct would be extremely unfair, especially because Father is a 50% shareholder of Borg, and, as such, he will receive 50% of the proceeds of the damages he pays to Borg. Treating the damages from the derivative suit as a marital liability would result in Father receiving a windfall while also punishing Mother for Father's conduct.